IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

NO.  21-1991

---

UNITED STATES OF AMERICA,

Appellee

v.

KENNETH CHERRY, JR.,

Appellant

---

APPEAL FROM THE JUDGMENT OF SENTENCE
ENTERED IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
AT CRIMINAL NO. 2-19-CR-00122-001

---

BRIEF FOR APPELLANT KENNETH CHERRY, JR.

---

PETER J. THOMPSON, ESQUIRE

Thompson Law Advocates, P.C.
1500 Walnut Street
7th Floor West
Philadelphia, Pennsylvania 19102
(215) 525-9155

Attorney for Appellant,
Kenneth Cherry, Jr.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF RELATED CASES AND PROCEEDINGS. . . . . . . . . 2

STATEMENT OF THE ISSUE AND STANDARD OF REVIEW. . . . . . . 3

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

THE DISTRICT COURT ERRED IN PERMITTING
A SINGLE GOVERNMENT WITNESS TO
TESTIFY SEVEN SEPARATE TIMES
OVER THE COURSE OF APPELLANT'S TRIAL . . . . . . . . . . . . . . . 12

A.     Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B.     Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**ADDENDUM TO BRIEF**

CERTIFICATION OF BAR MEMBERSHIP
RULE 32 CERTIFICATE
L.A.R. 31.1(c) CERTIFICATION
JOINT APPENDIX, VOLUME I

1.    Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . Jt. App. A0001
2.    Judgment & Commitment Order . . . . . . . . . . . Jt. App. A0003

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                   **<u>Pages</u>**


*Carlisle v. United States,* 517 U.S. 416, 426 (1996) ................................................13

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 55 (1991) .........................................13

*Gov't of the Virgin Islands v. Fahie,* 419 F.3d 249, 258 (3d Cir. 2005) .................13

*Robinson v. First State Cmty. Action Agency,* 920 F.3d 182, 191 (3d Cir. 2019) ...............................................................................................................3, 13

*United States v. Rodriguez,* 2005 U.S. Dist. LEXIS 789 .................................15, 16

*United States v. Williams,* 504 U.S. 36, 46 (1992).................................................13

# JURISDICTIONAL STATEMENT

## A.    <u>Subject Matter Jurisdiction</u>

On August 26, 2019, following a five-day jury trial, Kenneth E. Cherry, Jr. (Mr. Cherry) was found guilty of twenty-four offenses: one count of violating 18 U.S.C. §922(a)(1)(A)(dealing in firearms without a license)(Count 1, superseding indictment, August 13, 2019), thirteen counts of 18 U.S.C. §922(g)(1)(possession of a firearm by a felon)(Counts 2-6, 8-14, 16, superseding indictment), one count of 18 U.S.C. §922(o)(possession and transfer of a machinegun)(Count 17, superseding indictment), two counts of 26 U.S.C. §5861(d)(possession of a firearm not registered in the National Firearms Registry and transfer record)(Counts 18 and 19, superseding indictment), and seven counts of 18 U.S.C. §922(k) and 924(a)(1)(B)(possession of a firearm with serial number removed, obliterated, and altered)(Counts 21-27, superseding indictment).

On June 28, 2020, Mr. Cherry, with the assistance of counsel, filed a motion requesting relief under Federal Rules of Criminal Procedure 29(c) and 33.  In particular, Mr. Cherry sought dismissal of Count 10 (possession of a firearm by a felon) under Fed.R.Crim.P. Rule 29(c) alleging that the evidence presented by the government at trial was insufficient, and also sought a new trial in the interest of justice due to infirm evidence, Fed.R.Crim.P. Rule 33,

for Counts 8, 10 and 14 (separate charges of possession of a firearm by a felon). Docket No. 126 and 127.  Following additional briefing by newly appointed counsel (undersigned counsel), on May 13, 2021, at sentencing, the United States Attorney moved to dismiss Counts 8, 10 and 14, and on May 13, 2021, Mr. Cherry was sentenced on the remaining charges.[1]   N.T. 05/13/2021; Joint Appendix ("Jt.App.") at A0689-0734.


B.    **Appellate Jurisdiction**

This appeal is from a district court's final judgment in a criminal case. The district court had jurisdiction under 18 U.S.C. 3231. The court entered final judgment against defendant on May 13, 2021.  N.T. 05/13/2021; Jt.App. at A0689-0734.  Kenneth Cherry, Jr., filed a timely notice of appeal on May 19, 2021, Jt.App. at A0001.  This Court has jurisdiction under 28 U.S.C. 1291.


**STATEMENT OF RELATED CASES AND PROCEEDINGS**

This Court has not previously addressed this matter.  This case is related to the prosecution of Appellant Kenneth Cherry, Jr.  Counsel is not aware of any other cases related to this appeal.

---

[1] The prosecutor also moved to dismiss Count 7 (for reasons unclear in the record) and had previously moved to dismiss Count 20 due to the jury not being able to come to a verdict for this count.

## STATEMENT OF THE ISSUE AND STANDARD OF REVIEW

Did not the District Court abuse its discretion and commit plain error in permitting the government to present for testimony a single government witness seven separate times over a five-day trial, including once as an expert witness, and did this not confuse the jury and generate an uncertain verdict?

**Standard of Review:** The District Court's inherent power in deciding to permit the government to present its witness seven separate times over the course of one trial is reviewed for an abuse of discretion. "An abuse of discretion occurs when a lower court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 191 (3d Cir. 2019) (citation omitted).

## STATEMENT OF THE CASE

On August 13, 2019, Mr. Cherry was charged with a superseding indictment for firearms possession and firearms sales.  On August 26, 2019, following a five-day jury trial, Kenneth E. Cherry, Jr. (Mr. Cherry) was found guilty of twenty-four separate offenses: one count of violating 18 U.S.C. §922(a)(1)(A)(dealing in firearms without a license)(Count 1, superseding

indictment), thirteen counts of 18 U.S.C. §922(g)(1)(possession of a firearm by a felon)(Counts 2-6, 8-14, 16, superseding indictment), one count of 18 U.S.C. §922(o)(possession and transfer of a machinegun)(Count 17, superseding indictment), two counts of 26 U.S.C. §5861(d)(possession of a firearm not registered in the National Firearms Registry and transfer record)(Counts 18 and 19, superseding indictment), and seven counts of 18 U.S.C. §922(k) and 924(a)(1)(B)(possession of a firearm with serial number removed, obliterated, and altered)(Counts 21-27, superseding indictment).

On June 28, 2020, Mr. Cherry, with the assistance of counsel, filed a motion requesting relief under Federal Rules of Criminal Procedure 29(c) and 33. In particular, Mr. Cherry sought dismissal of Count 10 (possession of a firearm by a felon) under Fed.R.Crim.P. Rule 29(c) alleging that the evidence presented by the government at trial was insufficient, and also sought a new trial in the interest of justice due to infirm evidence, Fed.R.Crim.P. Rule 33, for Counts 8, 10 and 14 (separate charges of possession of a firearm by a felon). Following additional briefing by newly appointed counsel (undersigned counsel), on May 13, 2021, the United States Attorney moved to dismiss Counts 8, 10 and 14, and on May 13, 2021, Mr. Cherry was sentenced on the remaining charges.[2]    N.T.  5/13/2021; Jt.App. at A0689-

---

[2] The prosecutor also moved to dismiss Count 7 (for reasons unclear in the record) and had previously moved to dismiss Count 20 due to the jury not being able to come to a verdict for this particular charge.

0734.

This timely appeal followed.

## STATEMENT OF THE FACTS

Mr. Cherry's jury trial covered five days, including jury selection and deliberations and the reading of the verdicts. N.T.  8/20-23, 26/2019; Jt.App. *in toto*.   Over the course of the trial, the government called seven different witnesses to testify once and called one witness to testify seven separate times, including once as an expert.  Each time this seven-times-called-a-witness took the stand, his appearance had been separated by another witness' testimony, except for twice when the Court's business day ended and then resumed the next morning. This on-again, off-again testimonial appearance involved an alleged sixteen separate firearms-controlled purchase events over seven months.  The jury pronounced Mr. Cherry guilty of all charges, save two (Count 20, undecided, Count 15, not guilty).  N.T. 8/26/2019; Jt.App. at A 0674, 0687.  The jury's guilty verdict included three separate counts that the government, when challenged on sufficiency, ultimately dismissed at sentencing.  N.T. 5/13/2021; Jt.App. at A0734.

The evidence at trial consisted of witness testimony, video and audio recordings of government surveillance, and physical evidence of firearms and ammunition.  On the first day of trial, in the last fifteen minutes of the day,

the government first called Special Agent Raguz of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to testify that the investigation into Mr. Cherry began in January 2018 after a Mr. Gore approached the Bureau and became a paid informant for them.  N.T. 8/20/2019; Jt.App. at A0242. Agent Raguz explained how controlled purchases of firearms is conducted, including how the firearms are paid for, and they type of surveillance they conduct.  N.T. 8/20/2019; Jt.App. at A0245-0252.  The first day of trial then concluded.

The following morning, day two of the trial, the government asked to interrupt Agent Raguz' testimony, and call Officer Stimmel, of the ATF, to testify as an expert in firearms identification.  N.T. 8/21/2019; Jt.App. at A0260.  Officer Stimmel testified as to the identification of several of the firearms in the case, and identified them as manufactured by Glock, and found that the Glock handguns could be altered to perform as fully automatic with the introduction of a "switch" or "sear" device and a piece of a cut soda can into the firearm mechanism.  N.T. 8/21/2019 at 15-16, 23; Jt.App. at A0270-0272, 0279.  He also testified as to the length of one of the firearms in the matter and testified that the barrel had been shortened.  N.T. 8/21/2019; Jt.App. at A0274-0275.  Following Officer Stimmel's testimony, the government called Special Agent Nugent, ATF, to address the interstate nature of firearms movement, and the parties stipulated that all the firearms in

this matter were manufactured outside of the Commonwealth of Pennsylvania. N.T. 8/21/2019; Jt.App. at A0289.

The government then recalled Agent Raguz to testify. N.T. 8/21/2019 at 34; Jt.App. at A0290. Agent Raguz, now on the witness stand for the second time, began detailing the specifics of the controlled purchases of firearms, including the five firearm purchase of August 17, 2018, the single firearm purchase and two Glock sears purchase of August 20, 2018, the single firearm and ammunition purchase of September 18, 2018, the two firearms and ammunition purchase of September 24, 2019, the single firearm purchase on October 31, 2019, the two firearms and ammunition purchase of November 19, 2018, two firearms and ammunition purchase on December 3, 2018, the single firearm purchase on December 7, 2018, the two firearms purchase on January 3, 2019, the single firearm and ammunition purchase on February 4, 2019, and events that occurred on March 18, 2019, when Mr. Cherry was arrested after running from the arresting officers at a Days Inn. N.T. 8/21/2019 at 35, 40, 45, 48, 53, 54, 59, 63, 66, 68, 73; Jt.App. at A0291, 0296, 0301, 0304, 0309, 0310, 0315, 0319, 0322, 0324, 0329. Agent Raguz also testified regarding Mr. Cherry waiving his Miranda rights and agreeing to speak with the agents. N.T. 8/21/2019 at 76; Jt.App. at A0332. The court then was placed in recess for a lunch break. N.T. 8/21/2019 at 80; Jt.App. at A0336.

Upon return from lunch, the government again interrupted, with permission, Agent Raguz' testimony, and called Ms. Brooks, a manager of the Days Inn from which Mr. Cherry was arrested.    N.T. 8/21/2019 at 81, 82; Jt.App. at A0337-0338.  Ms. Brooks authenticated the video captured from the Days Inn that recorded the circumstances surrounding Mr. Cherry's arrest. N.T. 8/21/2019 at 81-92; Jt.App. at A0338-0348.

Agent Raguz was then recalled by the government to the witness stand a third time. N.T. 8/21/2019 at 93; Jt.App. at A0349.  Agent Raguz testified that Mr. Cherry admitted to the agents that he had been facilitating the sale of firearms and that he would make a profit doing so.  N.T. 8/21/2019 at 100; Jt.App. at A0356.  This admission was recorded and played for the jury.  N.T. 8/21/2019 at 100-106; Jt.App. at A0356-0362.    The remainder of Agent Raguz's testimony consisted of the authentication and admission of video and audio recordings of the controlled firearms purchases of December 3 and December 7, 2018, February 4, 2019, and a recording of a telephone conversation between Mr. Cherry, Mr. Gore and a Mr. Scott, who had not yet been identified to the jury.  N.T. 8/21/2019 at 118, 121, 122, 125, 127; Jt.App. at A0374, 0376, 0377, 0381, 0382.    The court was then held in recess until the following day.

On August 22, 2019, the third day of trial, the government again interrupted the testimony of Agent Raguz, and called Special Agent Esposito,

ATF, to testify as an expert in the field of firearms and tool identification. N.T. 8/22/2019 at 8; Jt.App. at A0396.  Agent Esposito testified regarding the obliterated serial numbers found on multiple firearms in this case, and the process he employs to restore the serial numbers.  N.T. 8/22/2019 at 15, 20; Jt.App. at A0403, 0408.

Agent Raguz was then recalled by the government to the stand, for the fourth time.  N.T. 8/22/2019 at 28; Jt.App. at A0416.  Agent Raguz resumed his testimony concerning the recording of the controlled purchases of firearms, and recorded telephone conversations, starting with the August 20, 2018, purchase of a firearm and Glock Sears.  N.T. 8/22/2019 at 29-40; Jt.App. at A0417-0428.  Agent Raguz then testified concerning the recorded telephone conversations between Mr. Cherry and Mr. Gore held on September 18 and 20, 2019, (N.T. 8/22/2019 at 44 - 47; Jt.App. at A0432-0435) and recordings of October 31, 2019, and January 3, 2019.  N.T. 8/22/2019 at 50 - 51; Jt.App. at A0438-0439.   The court then recessed for lunch.   N.T. 8/22/2019 at 51; Jt.App. at A0439.

When the jury returned from lunch, they were informed that the government would again be interrupting Agent Raguz's testimony, and Mr. Gore would be called to testify for most of the remaining court day.  N.T. 8/22/2019 at 52; Jt.App. at A0440.   At four o'clock that afternoon, the government recalled, for the fifth time, Agent Raguz as a witness.   N.T.

8/22/2019 at 127; Jt.App. at A0515.  Agent Raguz explained who Mr. Scott is, as a person of interest, and that Mr. Cherry is not registered as a gun owner in the National Firearms Registry.  N.T. 8/22/2019 at 137; Jt.App. at A0525.

At this point, and for the next hour until the close of the court business day, Agent Raguz is offered for cross examination by Mr. Cherry's trial counsel.  N.T. 8/22/2019 at 138; Jt.App. at A0526.

On the morning of the fourth day of trial, Agent Raguz, now on the stand for the sixth time, is cross examined by Mr. Cherry's trial counsel.  N.T. 8/23/2019 at 4–13; Jt.App. at A0541-0550.  Following a short re-direct examination by the government, Agent Raguz was dismissed from the witness stand.  N.T. 8/23/2019 at 15; Jt.App. at A0552.  The government then called Agent Cucinotta, ATF, to the witness stand, to testify regarding his involvement in recording the controlled purchase of a single firearm on January 14, 2019.  N.T. 8/23/2019 at 16–24; Jt.App. at A0553-0561. Following this witness, the government called Agent Doerrer, ATF, as a witness.  N.T. 8/23/2019 at 25; Jt.App. at A0562.  Agent Doerrer testified regarding the controlled purchase of a single firearm on August 6, 2018, and another on September 21, 2018, one on October 3, 2018, and another on October 11, 2018.  NT. 8/23/2019 at 25, 34, 36, 38; Jt.App. at A0562, 0571, 0573, 0575.  Following a lunch recess, Agent Doerrer was cross-examined by Mr. Cherry's counsel.  N.T. 8/23/2019 at 59; Jt.App. at A0596.  Following a

round of re-direct and re-cross examination, Agent Doerrer was excused from the witness stand.  N.T. 8/23/2019 at 67; Jt.App. at A0604.

Then the government, for the seventh time, called Agent Raguz to the witness stand.  This time Agent Raguz was not called as a fact witness, but rather as an expert witness regarding the identification and nexus of firearms. N.T. 8/23/2019 at 69; Jt.App. at A0606.   Agent Raguz testified that the firearms were tested and were designed or could readily be converted to expel a projectile by the act of an explosive.  N.T. 8/23/2019 at 71; Jt.App. at A0608. The government closed their evidence in presenting Detective Lee of the Philadelphia Police Department, detailed to the ATF.  N.T. 8/23/2019 at 72; Jt.App. at A0609.   Detective Lee was present at the Days Inn on the day when Mr. Cherry was arrested and was involved in the foot pursuit to apprehend him.   N.T. 8/23/2019 at 72–77; Jt.App at A0609-0614.     Following this witness, closing arguments were given, the jury was instructed, and the trial day ended.

On August 26, 2019, Mr. Cherry was found guilty of Count 1, Counts 17 – 19, 21 – 27, and the jury was undecided as to Count 20 (later dismissed by the government).   Following this verdict, there was evidence of Mr. Cherry's prior conviction, the jury deliberated, and returned guilty verdicts regarding Counts 2 – 6, 8-14, and 16, with a not guilty verdict as to Count 15. N.T. 8/26/2019; Jt.App. at A0685-0687.

On May 13, 2021, Mr. Cherry was sentenced. At the sentencing, the government withdrew Counts 7, 8, 10 and 14. N.T. 5/13/2021 at 45-46; Jt.App. at A0734.

## SUMMARY OF ARGUMENT

The government presented one witness seven separate times over a five-day trial, including once as an expert witness. Between each of his seven appearances either another witness testified, or the trial had been suspended overnight. The jury then pronounced its verdict, which included findings of guilt for charges the government later withdrew. The trial court abused its discretion in permitting this witness to testify in this multitudinous manner, and the jury's verdict is questionable. Appellant contends that this decision by the trial court confused the jury and has generated an uncertain verdict. This matter calls for reversal and a remand for a new trial.

## ARGUMENT

**THE DISTRICT COURT ERRED IN PERMITTING A SINGLE GOVERNMENT WITNESS TO TESTIFY SEVEN SEPARATE TIMES OVER THE COURSE OF APPELLANT'S TRIAL.**

**A.** **Standard of Review**

This Court exercises a deferential review of the District Court's inherent power in deciding to permit the government to present its witness

seven separate times over the course of one trial, and the standard is for an abuse of discretion. "An abuse of discretion occurs when a lower court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 191 (3d Cir. 2019) (citation omitted).

**B.     Discussion**

Yes, regarding the powers of trial courts, the phrases "inherent power," "inherent authority," "supervisory power," and "supervisory authority" are all used to describe the basis for a court action seeking to maintain the integrity of the proceedings that is not directly tethered to a specific rule, statute, or constitutional provision. See, e.g., *Carlisle v. United States*, 517 U.S. 416, 426 (1996) (inherent power); *United States v. Williams*, 504 U.S. 36, 46 (1992) (supervisory power); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 55 (1991) (inherent power; reviewing a court's imposition of sanctions under its inherent power for abuse of discretion); *Gov't of the Virgin Islands v. Fahie*, 419 F.3d 249, 258 (3d Cir. 2005) ("A trial court's remedy for a discovery violation under its supervisory powers is reviewed for abuse of discretion."). There is no doubt that a trial court holds an important role in the conduct of efficient, orderly trials.  However, when is this discretion too permissive?  Appellant contends that "too much" includes permitting a single government witness to

testify seven separate times of the course of a trial and generating a questionable verdict as a result.

Appellant faced many charges at trial, twenty-seven to be precise, all concerning sixteen separate controlled purchases of firearms. The evidence at trial was going to be cumbersome, at best, and Appellant's trial counsel was necessarily going to have to respond to the government's chosen form of delivery of evidence at trial. Appellant's ability to do so in a fair manner was largely dependent upon how permissive the trial judge was regarding the government's delivery of evidence.

In this matter, the trial court permitted the government to present the same case agent witness, ATF Special Agent Raguz, seven different times in the same trial. This delivery method not only spurred Appellant's confusion regarding the evidence, but also the jury, who was so confused that they found Appellant guilty of three counts, Counts 8, 10 and 14, that were not supported by the evidence … only to have the government later withdraw the counts. As detailed in the evidentiary record above, Agent Raguz's testimony was, for lack of a better term, chopped up into small pieces, and punctuated with other witnesses' appearances. Trials, obviously, do not need to be seamless and perfectly orchestrated, but permitting a key government witness to address the jury seven separate times is, at a minimum, several times to many. To compound this error, the trial court permitted the government to present this

same witness as an expert witness regarding the identification and nexus of firearms. N.T. 8/23/2019 at 69; Jt.App. at A0606. Agent Raguz testified that the firearms were tested and were designed or could readily be converted to expel a projectile by the act of an explosive. N.T. 8/23/2019 at 71; Jt.App. at A0608. This thoughtful finish of Agent Raguz's testimony, to have him identified as an expert by the court, lent improper credence to all his prior testimony – essentially transmitting to the jury that Agent Raguz, in all his fact-witness testimony, was an expert in the facts of this case. This improper casting of all of Agent Raguz' testimony as "expert" created an insurmountable challenge for Appellant. How could he challenge all the facts he had previously testified to *six different times*? This is Federal Rule of Evidence 611, Mode and Order of Examining Witnesses and Presenting Evidence, failing.[3] Yes, the government has an interest in presenting its evidence in a manner of its choosing, and the government case agent, in this case Agent Raguz, does not need to be sequestered. See, e.g., *United States*

---

[3] Fed.R.Evid. Rule 611. Mode and Order of Examining Witnesses and Presenting Evidence
(a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
(1) make those procedures effective for determining the truth;
(2) avoid wasting time; and
(3) protect witnesses from harassment or undue embarrassment.

*v. Rodriguez*, 2005 U.S. Dist. LEXIS 789, see also Federal Rule of Evidence 615(2) (noting exclusion from sequestration of "an officer or employee of a party which is not a natural person designated as its representative by its attorney"). However, in this instant matter, the manner Agent Raguz was presented was so disjointed as to create confusion for the jury, i.e., guilty verdicts unsupported, as the government agrees, by the evidence, and difficulties for the preparation and delivery of a defense.

The prejudicial effect on Appellant is made clear by the verdict – he was convicted of unsubstantiated charges by a confused jury. This situation necessarily gives rise to a concern regarding the validity of Appellant's convictions.

## **CONCLUSION**

The government presented one witness seven separate times over a five-day trial, including once as an expert witness. Between each of his seven appearances either another witness testified, or the trial had been suspended overnight. The jury then pronounced its verdict, which included findings of guilt for charges the government later withdrew. The trial court abused its discretion in permitting this witness, the government case agent, to testify in this multitudinous manner. Appellant contends that this decision by the trial

court confused the jury and has generated an uncertain verdict.  This matter calls for reversal and a remand for a new trial.

Respectfully submitted,

THOMPSON LAW ADVOCATES, P.C.

**By:    /s/ Peter J. Thompson**
Peter J. Thompson, Esquire
PA Bar ID No. 82656
1500 Walnut Street, 7th Floor West
Philadelphia, Pennsylvania  19102
peter@tlapc.org
(215) 525-9155
*CJA Attorney for Appellant,*
*Kenneth Cherry, Jr.*

## **CERTIFICATE OF BAR MEMBERSHIP**

I hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

**/s/ Peter J. Thompson**
Peter J. Thompson, Esquire

## <u>RULE 32 CERTIFICATE</u>

Pursuant to Rule 32 of the Federal Rules of Appellate Procedure, I hereby certify that the opening brief of Appellant Kenneth Cherry, Jr., has been printed in 14-point font. I hereby further certify that the brief contains no more than 13,000 words and that a word count was conducted on Microsoft Word 16 to verify this certification.

<u>/s/ **Peter J. Thompson**</u>
Peter J. Thompson, Esquire

## <u>L.A.R. 31.1(c) CERTIFICATION</u>

Pursuant to Rule 31.1(c) of the Third Circuit Local Appellate Rules, I hereby certify that:

(a) the required paper copies of the opening brief of Appellant Kenneth Cherry, Jr., which have been submitted to the Clerk of Court on this date are identical documents to the brief submitted to the Court by electronic filing; and

(b) the brief submitted in PDF format is virus-free and has been scanned for viruses by BitDefender version 7.2.1.72.


    /s/ Peter J. Thompson
Peter J. Thompson, Esquire

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

NO.  21-1991

---

UNITED STATES OF AMERICA,

Appellee

v.

KENNETH CHERRY, JR.,

Appellant

---

APPEAL FROM THE JUDGMENT OF SENTENCE
ENTERED IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
AT CRIMINAL NO. 2-19-CR-00122-001

---

**JOINT APPENDIX**
**VOLUME ONE**
(PAGES A0001 – A0010)

---

PETER J. THOMPSON, ESQUIRE

Thompson Law Advocates, P.C.
1500 Walnut Street
7th Floor West
Philadelphia, Pennsylvania 19102
(215) 525-9155

Attorney for Appellant,
Kenneth Cherry, Jr.

# TABLE OF CONTENTS

## VOLUME ONE
### (Appended to Opening Brief)

NOTICE OF APPEAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A0001

JUDGMENT & COMMITMENT ORDER. . . . . . . . . . . . . . . . . . . . . . . . . . . A0003

## VOLUME II

DOCKET ENTRIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A0012

NOTES OF TESTIMONY, PRETRIAL HEARING (8/16/19) . . . . . . . . . . A0027

NOTES OF TESTIMONY, JURY SELECTION (8/20/19) . . . . . . . . . . . . . A0075

NOTES OF TESTIMONY, JURY INSTRUCTIONS (8/20/19) . . . . . . . . . A0224

NOTES OF TESTIMONY, TRIAL (8/20/19) . . . . . . . . . . . . . . . . . . . . . . . . A0238

NOTES OF TESTIMONY, TRIAL (8/21/19) . . . . . . . . . . . . . . . . . . . . . . . . A0257

NOTES OF TESTIMONY, TRIAL (8/22/19) . . . . . . . . . . . . . . . . . . . . . . . . A0389

NOTES OF TESTIMONY, TRIAL (8/23/19) . . . . . . . . . . . . . . . . . . . . . . . . A0538

NOTES OF TESTIMONY, JURY CHARGE (8/23/19) . . . . . . . . . . . . . . . . A0619

NOTES OF TESTIMONY, JURY VERDICT (8/26/19) . . . . . . . . . . . . . . . . A0662

NOTES OF TESTIMONY, SENTENCING (5/13/21) . . . . . . . . . . . . . . . . . A0689

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

          Plaintiff              No. 2:19CR00122-001

    V.

KENNETH EUGENE CHERRY,            NOTICE OF APPEAL

          Defendant.

NOW COMES Kenneth Eugene Cherry, pro se, who hereby gives this "Notice of Appeal" that defendant appeals to the Third Circuit Court of Appeals, the District Courts final judgment and sentence of May 13, 2021.

Dated: May 15, 2021           Respectfully submitted:

*Kenneth Eugene Cherry*
Kenneth Eugene Cherry

CERTIFICATE OF SERVICE

Pursuant to the principles of Houston v. Lack, 748 U.S. 236, 276 (1988), Mr. Cherry this day filed Notice of Appeal with the court and opposing party, with the required original and copies of the enclosed documents, by depositing same in the prison legal mail collection box in sealed envelopes, first class postage affixed, and addressed to the Clerk of U. S. District Court.

Signed under penalty of perjury under 28 U.S.C. 1746, this 15th day of May 2021:

*Kenneth Eugene Cherry*
Kenneth Eugene Cherry
#69878-066
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105

A0001

Kenneth Eugene Cherry
#69878-066
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105

FOREVER / USA

Clerk Of The Court
601 Market ST
#2609
Philadelphia, PA 19106
United States

U.S.M.S.
X-RAY

*Legal Mail*

*Legal Mail*

19106$1732 C019

A0002

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| KENNETH EUGENE CHERRY, JR. | Case Number:  DPAE2:19CR000122-1 |
| | USM Number:  69878-066 |
| | Peter J. Thompson |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☑ was found guilty on count(s)   1, 2, 3, 4, 5, 6, 9, 11, 12, 13, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, and 27.
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18§922(a)(1)(A) and 924(a)(1)(D) | Dealing in firearms without a license | 2/4/2019 | 1 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   15

☑ Count(s)   7, 8, 10, 14, and 20   ☐ is   ☑ are dismissed on the motion of the United States.

  It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/13/2021
Date of Imposition of Judgment

_Harvey Bartle_
Signature of Judge

Harvey Bartle III, USDJ
Name and Title of Judge

May 13, 2021
Date

CLERK'S OFFICE
TRUE COPY CERTIFIED FROM THE RECORD
May/26/2021
By: s/ *Kristin R. Makely*
Deputy Clerk, U.S. District Court
Eastern District of Pennsylvania

A0003

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT:  KENNETH EUGENE CHERRY
CASE NUMBER:  DPAE2:19CR000122-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18§922(g)(1) and 2 | Possession of a firearm by a felon and aiding and abetting | 8/6/2018 | 2 |
| 18§922(g)(1) and 2 | Possession of a firearm by a felon and aiding and abetting | 8/17/2018 | 3 |
| 18§922(g)(1) | Possession of a firearm by a felon | 8/20/2018 | 4 |
| 18§922(g)(1) | Possession of a firearm by a felon | 9/18/2018 | 5 |
| 18§922(g)(1) | Possession of a firearm by a felon | 9/21/2018 | 6 |
| 18§922(g)(1) | Possession of a firearm by a felon | 10/11/2018 | 9 |
| 18§922(g)(1) | Possession of a firearm by a felon | 10/31/2018 | 11 |
| 18§922(g)(1) | Possession of a firearm by a felon | 11/19/2018 | 12 |
| 18§922(g)(1) | Possession of a firearm by a felon | 12/3/2018 | 13 |
| 18§922(g)(1) | Possession of a firearm by a felon | 2/4/2019 | 16 |
| 18§922(o) | Possession and transfer of a machine gun | 8/20/2018 | 17 |
| 26§5845(a)(6),(b), 5861(d), and 5871 | Possession of a firearm not registered in the NFR and transfer record | 8/20/2018 | 18 |
| 26§5845(a)(6),(b), 5861(d), and 5871 | Possession of a firearm not registered in the NFR and transfer record | 9/24/2018 | 19 |
| 18§922(k) and 924(a)(1)(B) | Possession of a firearm with serial number removed, obliterated and altered | 8/17/2018 | 21 |
| 18§922(k) and 924(a)(1)(B) | Possession of a firearm with serial number removed, obliterated and altered | 8/17/2018 | 22 |
| 18§922(k) and 924(a)(1)(B) | Possession of a firearm with serial number removed, obliterated and altered | 8/17/2018 | 23 |
| 18§922(k) and 924(a)(1)(B) | Possession of a firearm with serial number removed, obliterated and altered | 8/20/2018 | 24 |
| 18§922(k) and 924(a)(1)(B) | Possession of a firearm with serial number removed, obliterated and altered | 9/18/2018 | 25 |
| 18§922(k) and 924(a)(1)(B) | Possession of a firearm with serial number removed, obliterated and altered | 10/11/2018 | 26 |
| 18§922(k) and 924(a)(1)(B) | Possession of a firearm with serial number removed, obliterated and altered | 10/31/2018 | 27 |

AO 245B (Rev. 09/19) Judgment in Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page   **3**   of   **8**

DEFENDANT:  KENNETH EUGENE CHERRY, JR.
CASE NUMBER:  DPAE2:19CR000122-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

60 months on each of counts 1, 21, 22, 23, 24, 25, 26, and 27. The sentences imposed on counts 1, 21, 22, 23, 24, 25, 26 and 27 shall run concurrently.

120 months on each of counts 2, 3, 4, 5, 6, 9, 11, 12, 13, 16, 17, 18, and 19.  The sentences imposed on counts 2, 3, 4, 5, 6, 9, 11, 12, 13, 16, 17, 18, and 19 shall run concurrently with each other, but consecutively to the sentences imposed on counts 1, 21, 22, 23, 24, 25, 26, and 27.  The total sentence is 180 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A0005

AO 245B (Rev. 09/19) Judgment in a Criminal Case
       Sheet 3 — Supervised Release

Judgment—Page   **4**   of   **8**

DEFENDANT:  KENNETH EUGENE CHERRY
CASE NUMBER:  DPAE2:19CR000122-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years on each of counts 1, 2, 3, 4, 5, 6, 9, 11, 12, 13, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, and 27.  All terms of supervised release shall run concurrently.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
       ☐ The above drug testing condition is suspended, based on the court's determination that you
          pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page    5    of    8

DEFENDANT:  KENNETH EUGENE CHERRY
CASE NUMBER:  DPAE2:19CR000122-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

A0007

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __8__

DEFENDANT: KENNETH EUGENE CHERRY
CASE NUMBER: DPAE2:19CR000122-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 2,100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___8___

DEFENDANT: KENNETH EUGENE CHERRY
CASE NUMBER: DPAE2:19CR000122-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __2,100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:
     Defendant shall pay the fine in the amount of $250 within 30 days of the date of this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
     Please see page 8

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 6B — Schedule of Payments

Judgment—Page  8  of  8

DEFENDANT:  KENNETH EUGENE CHERRY
CASE NUMBER:  DPAE2:19CR000122-1

# ADDITIONAL FORFEITED PROPERTY

(1) A Colt, Model 191 1, .45 caliber semiautomatic pistol, bearing serial number 7057 A;

(2) a Taurus, Model G2C, 9mm caliber semiautomatic pistol, with the serial number obliterated;

(3) a Smith & Wesson, Model SD4OVE, .40 caliber semiautomatic pistol, with the serial number obliterated:

(4) a Glock, Model 27, .40 caliber semiautomatic pistol, with the serial number obliterated;

(5) a Glock, Model 23, .40 caliber semiautomatic pistol, with the serial number obliterated;

(6) an HS Products/Springfield Armory, Model XDS, 9mm caliber semiautomatic pistol, bearing serial number 53724961;

(7) a Glock, Model43, 9mm caliber semiautomatic pistol with an extended magazinq with the serial number obliterated;

(8) an Inter Ordnance, Model Sporter, 7.62x39mm caliber semiautomatic rifle, with the serial number obliterated;

(9) a Romthenica, Model WUM I,7.62x39mm semiautomatic rifle, bearing serial number WUM 1-1439;

(10) a DPMS, Model A-15, .223 caliber semiautomatic rifle, bearing serial number F265790;

(11) an FN, Model FNS-9C, 9mm caliber semiautomatic pistol, bearing serial number cSU0058665;

(12) a Taurus, Model PT24-7,9mm caliber semiautomatic pistol, with the serial number obliterated;

(13) An Anderson Manufacturing, Model AM-l5, 5.56mm caliber semiautomatic rifle, bearing serial number 15010585;

(14) a Springfield Armory, Model XD-9, 9mm caliber semiautomatic pistol, with the serial number obliterated;

(15) a Bushmaster, Model XM-15 E2S, .223 caliber semiautomatic rifle, bearing serial number BK1 509096:

(16) a Bryco, Model Jennings Nine, 9mm caliber semiautomatic pistol, bearing serial number 1502274l"

(17) a Stag Arms, Model Stag-15, .223 callber semiautomatic rifle, bearing serial number Y405296:

(18) a Norinco, Model MAK90 Sporter, 7 .62x39mm rifle, bearing serial number 936923;

(19) an AR-l5 variant .223 callber semiautomatic rifle, bearing no serial number;

(20) a Colt, Model MI991A1, .45 caliber semiautomatic pistol, bearing serial number cP27759;

(2l) a Taurus, Model PT1911, .45 caliber semiautomatic pistol, bearing serial number NGO50891;

(22) an FNS, Model FNS-40, .40 caliber semiautomatic pistol, bearing serial number GKU01st426;

(23) an Intratec, Model AB-10, 9mm caliber semiautomatic pistol, bearing serial number 4004955:

Q$ a Leinad, Model CM-l1, 9mm semiautomatic rifle, bearing serial number 94-0013122;

(25) two (2) machinegun conversion devices ("Glock Auto Sears");

(26) 38live rounds of 9mm caliber ammunition;

(27) 84live rounds of .223 caliber ammunition;

(28) 10live rounds of 5.56mm ammunition;

(29) 47 live rounds of 7.62x39mm caliber ammunition;

(30) a 7.62x39mm caliber Magpul magazine;

(31) a 5.56 caliber magazine; (32) a 75-round 7.62x39mm caliber drum magazine.

A0010

## CERTIFICATE OF SERVICE

I, Peter J. Thompson, Esquire, hereby certify that on the 20th day of September, 2021, I served the opening brief of Appellant Kenneth Cherry, Jr., and Joint Appendix on the below-listed individuals as follows:

Mark S. Miller, Esquire
Assistant United States Attorney
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania  19106-4476
*One copy – ECF*
*One copy – electronic mail*

Patricia S. Dodszuweit, Clerk of Court
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, Pennsylvania  19106-1790
*One copy – ECF (on 9/20/2021)*
*Seven copies of Brief with Joint Appendix, Volume One – Hand Delivery*
*(by 9/25/2021 per LAR Misc. 113)*
*Four copies of Joint Appendix, Volume Two – Hand Delivery*
*(by 9/25/2021 per LAR Misc. 113)*

 **/s/ Peter J. Thompson**
Peter J. Thompson, Esquire